**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY R. HIGGINS and | ) | |
| NELDA HIGGINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:10CV508 ERW |
| | ) | |
| SANDRA FARRAGUT-HEMPHILL, | ) | |
| BERNADETTE M. BROWN and | ) | |
| GAYLARD T. WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of Johnny and Nelda Higgins

for leave to commence this action without prepayment of the filing fee pursuant to 28

U.S.C. § 1915. Upon consideration of the financial information provided with the

motions, the Court finds that plaintiffs are financially unable to pay any portion of the

filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis

pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and

will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed

in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## The Complaint

Plaintiffs bring this action under 42 U.S.C. § 1983 for alleged violations of their Seventh and Fourteenth Amendment rights. Named as defendants are Sandra Farragut-Hemphill (Circuit Court Judge), Bernadette Brown (private attorney), and Gaylard Williams (same). Plaintiffs seek monetary relief.

Plaintiffs allege that their rights were violated in the case Bayrock Mortgage Corp. v. Higgins, 09SL-AC01286, in which they were sued for money damages after they cancelled a loan and allegedly kept money owed to Bayrock Mortgage Corp. Defendant Farragut-Hemphill presided over the case. Defendants Brown and Williams represented the Higginses in the case. Plaintiffs have several disagreements with how

the case was handled, including the fact that they were held in contempt and that their attorneys withdrew from representation prior to the contempt hearing. Judgment was entered in that case on March 8, 2010.

**Discussion**

Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." Id. As a result, this Court does not have the authority to review any aspect of plaintiffs' state court case.

The complaint is legally frivolous as to defendant Farragut-Hemphill because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint is legally frivolous as to defendants Brown and Williams because they are not state actors. 42 U.S.C. § 1983.

For these reasons, plaintiffs' complaint must be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Docs. 2, 4] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel [Doc. 6] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 5th day of April, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE